495 P.2d 841

The STATE of Arizona, Appellee,

v.

Mary Virginia ROSS, Appellant.

No. 2406–PR.

Supreme Court of Arizona,
In Banc.

April 13, 1972.

Rehearing Denied May 9, 1972.

Gary K. Nelson, Atty. Gen., by Carl Waag, Former Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is a petition for review of a decision of the Court of Appeals affirming a judgment of guilty following a plea of guilty to illegal possession of heroin (§ 36–1002 A.R.S.) for which defendant received a sentence of not less than seven nor more than ten years in the Arizona State Prison.

We are called upon to determine:

1. Did the court adequately satisfy itself of the factual basis for the plea?

2. Was the defendant's plea of guilty invalid in that the sentencing judge did not inform the defendant that she would be ineligible for parole until she had served at least two years in prison?

The facts necessary for a determination of this matter are as follows. In March of 1969, several officers from the Mesa Police Department, acting upon information given to them by two informants and after having obtained a search warrant,

went to the defendant's house to search for marijuana and other narcotics. Upon their arrival, the defendant and three others who had been sitting around the kitchen table jumped up from the table and started to scatter. They were apprehended, however, and a substantial amount of marijuana, some heroin, and other drug-related paraphernalia were seized. The defendant and the three others who were seated around the kitchen table were all charged with one count of illegal possession of marijuana and one count of illegal possession of narcotics, to which counts the defendant pleaded not guilty.

Apparently as a result of a plea bargain, the defendant changed her plea to Count II of the information, illegal possession of narcotics, from not guilty to guilty, and Count I was dismissed.

Following a hearing in mitigation and aggravation, the judge sentenced the defendant to serve not less than seven nor more than ten years in the Arizona State Prison. An appeal was taken to the Court of Appeals which affirmed the trial court's judgment. We granted defendant's petition for review for the primary purpose of considering the "consequence of a plea" under the mandate of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

## DID THE TRIAL COURT ADEQUATELY SATISFY ITSELF OF THE FACTUAL BASIS FOR THE PLEA?

Defendant contends that the plea was improperly taken in that the trial court judge failed to ascertain the factual basis for the plea. With this contention we disagree. We have stated that the trial court may, at any time prior to sentencing, satisfy itself as to the factual basis for the plea of guilty. State v. Williker, 107 Ariz. 611, 491 P.2d 465 (1971); State v. Hooper, 107 Ariz. 327, 487 P.2d 394 (1971). The following conversation between the trial court judge and the defendant at the hearing in mitigation and aggravation clearly shows a factual basis for the plea:

"Q Now, Mrs. Ross, you are charged with possession of heroin to which you pled guilty?

"A Yes, sir.

"Q Did you actually, in fact, have heroin in your possession at the time?

"A Yes, sir."

## WAS THE UNAVAILABILITY OF PAROLE PART OF THE CONSEQUENCES OF THE PLEA?

We granted the petition for review of the Court of Appeals in order to discuss the decision of this question.

Defendant was charged under § 36–1002 A.R.S., as amended in 1961. This statute reads as follows:

"A. Except as otherwise provided in this article, every person who possesses any narcotic drug other than marijuana except upon the written prescription of a physician, osteopath, dentist or veterinarian licensed to practice in this state, shall be punished by imprisonment in the state prison for not less than two years nor more than ten years, and shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than two years in prison."

At the time the plea was entered, the following transpired:

"BY THE COURT: Is there anything before I rule on your request for a change of plea, is there any question you wish to ask me or wish to ask your attorney?

"BY THE DEFENDANT: No.

"BY THE COURT: Very well.

"MR. SCHOEPF: Your Honor, I would like to call the Court's attention to the fact that it is two to ten years.

"THE COURT: I thought so. A minimum of two or a maximum of ten years in the penitentiary or probation, do you understand that?

"BY THE DEFENDANT: Yes, sir.

"BY THE COURT: Very well. The Court finds the defendant's plea of

guilty is being made knowingly, voluntarily, and intelligently with an understanding of the consequences, and no promises of immunity or threats of any kind have been made to persuade her to make this change of plea.

It is ordered granting the defendant leave to withdraw her plea of not guilty to Count II of the original Information and to enter a plea of guilty to Count II of the information charging Illegal Possession of Heroin, a felony."

■ Although there is no allegation by the defendant that she did not in fact know of the parole restriction, defendant contends that since the record failed to show that the court advised her of the statutory restriction on her right to parole or good-time release, the plea was invalid under the mandate of Boykin v. Alabama, supra, decided prior to the plea in this case, as she was not adequately informed of the consequences of her plea by the trial court.

Although the better practice would be to have the record affirmatively show that the defendant was informed of any restriction on parole or parole ineligibility, we do not believe that it is a necessary "consequence of the plea" within the mandate of Boykin v. Alabama, supra. What is done with a sentence after the defendant reaches the State Prison is not within the realm of the court's jurisdiction or the court's ability to predict, that is left to the State Board of Pardons and Paroles.

"It will not be suggested by anybody that, before accepting a plea of guilty to an offense with respect to which parole is a possibility, the judge must determine whether the defendant understands the nature of parole, his eligibility therefor, and the circumstances in which it may thereafter be granted. The reason is, of course, that eligibility for parole is not a 'consequence' of a plea of guilty, but a matter of legislative grace. It is equally true that noneligibility for parole is not a 'consequence' of a plea of guilty in § 4705(a) cases, even

under the judicial expansion of Criminal Rule 11; rather, it is a consequence of the withholding of legislative grace." Smith v. United States, 116 U.S.App.D.C. 404, 324 F.2d 436, 441 (1963). See also Trujillo v. United States, 377 F.2d 266 (5th Cir. 1967).

Also:

"In their supplemental brief, petitioners rely heavily on the United States Supreme Court decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274, rendered June 2, 1969. Boykin, who had counsel, entered a guilty plea to five indictments for the common-law crime of robbery. The judge who received Boykin's plea asked no questions concerning the plea, and Boykin did not address the court.

"Quite the contrary in the instant case. " * * * The district judge, by his colloquy with Anushevitz, demonstrated in the record that the plea was 'voluntarily and knowingly made,' as mandated by NRS 174.035(1). We find nothing in Boykin that suggests any duty upon the court to advise a defendant regarding the prospects for parole, the granting of which is wholly beyond the jurisdiction of the district judge. Not so, of course, in the case of probation, and the district judge covered that contingency in his colloquy." Anushevitz v. Warden, Nevada State Prison, 86 Nev. 191, 467 P.2d 115, 117, 118 (1970).

Although admittedly a minority view and seemingly contrary to the view of the 9th Circuit, see Munich v. United States, 337 F.2d 356 (9th Cir. 1964) and State v. Smith, 13 Ariz.App. 507, 478 P.2d 122 (1970) for another discussion of this problem, we believe Anushevitz, supra, to be the better view. What the State Board of Pardons and Paroles may do or must do under the statute is not something the court must anticipate and so inform the defendant at the time of plea.

We therefore hold that the provision of the statute requiring that a prisoner serve a certain minimum sentence is not

**248**

such a "consequence of the plea" that it must affirmatively appear on the record under the Boykin mandate.

There is also another reason why the defendant cannot prevail. Since she was sentenced to serve not less than seven years, it would appear that she has not been harmed by failure to know (if indeed she did not know) of the 2-year restriction. Under these circumstances, the defendant could not be considered for parole within the two-year period and the omission was therefore harmless beyond a reasonable doubt.

Judgment affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD, and HOLOHAN, JJ., concur.