542 P.2d 28

**STATE of Arizona, Appellee,**

v.

**Alex R. MORONES, Appellant.**

No. 3262.

Supreme Court of Arizona, En Banc.

Nov. 7, 1975.

Rehearing Denied Dec. 16, 1975.

**370**

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Stanley L. Patchell, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Alex R. Morones plead guilty, pursuant to a plea agreement, to two counts of sale of a narcotic drug. He was sentenced to serve not less than 10 nor more than 15 years in the Arizona State Prison. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

Appellant argues that his plea of guilty should be set aside due to the trial court's failure to comply with Rule 17.2(b), 1973 Rules of Criminal Procedure. At the time of his plea, appellant was advised by the court that "The crime of sale of narcotic drugs is punishable from five years to life in the State Prison." Appellant points out that the court failed to advise him of the special punishment provision contained in ARS § 36-1002.02(A), as mandated by Rule 17.2(b), *supra*.

This court decided in *State v. Ross*, 108 Ariz. 245, 495 P.2d 841 (1972), "that the provision of the statute requiring that a prisoner serve a certain minimum sentence is not such a 'consequence of the plea' that it must affirmatively appear on the record under the Boykin mandate." Since our decision in *Ross, supra*, we have adopted the Rules of Criminal Procedure. "The provisions of Rule 17 are intended to insure the voluntary and intelligent quality of the plea in accord with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)." *State v. Lee*, Ariz., 541 P.2d 383 (1975).

Appellant urges this court to adopt a mandatory rule of compliance with Rule 17.2(b), *supra*. We do not agree with this approach. Where the record demonstrates that appellant's plea was voluntarily, knowingly and intelligently made; and where appellant's counsel fails to show prejudice to the appellant as a result of the court's failure to strictly comply with Rule 17.-2(b), we find no compulsion to vacate appellant's plea of guilty. The trial court's failure to advise appellant of the special punishment provision contained in ARS § 36-1002.02(A) was a technical error. Our approach in the case of technical error is mandated by Ariz.Const. art. 6, § 27, which provides:

"No cause shall be reversed for technical error in pleadings or proceedings when upon the whole cause it shall appear that substantial justice has been done."

*See State v. Rodriguez*, Ariz., 540 P.2d 665 (1975).

We find from our review of the record that appellant's plea was knowingly, intelligently and voluntarily made. No objection regarding the omission was made by counsel for appellant at the time of the plea, nor is there a subsequent showing by counsel of prejudice to appellant. We therefore find no basis on which to vacate appellant's plea of guilty.

This court cannot overemphasize the duty of defense counsel to assist the trial court in protecting the rights of the accused. We also stress the application of the following admonition in *State v. Rodriguez, supra*, to Rule 17.2:

"[M]uch judicial time could be saved if the judge, the defense attorney, and the attorney for the State would make an effort to comply with the requirements of Rule 17.3, Arizona Rules of Criminal Procedure." *State v. Rodriguez, supra*.

Judgment and sentence affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.