545 P.2d 954
**STATE of Arizona, Appellee,**

**v.**

**Anthony Lovett RIOS, Appellant.**

**No. 3265.**

Supreme Court of Arizona,
In Banc.

Feb. 6, 1976.

Bruce E. Babbitt, Atty. Gen., R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Jonathan H. Schwartz, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice.

The appellant, Anthony L. Rios, pled guilty pursuant to a plea agreement to a charge of selling a narcotic drug in violation of A.R.S. § 36–1002.02 and received a sentence of not less than five years nor more than life in the Arizona State Prison.

We take jurisdiction pursuant to Arizona Constitution, Article 2, § 24 and Article 6, § 5, and A.R.S. § 12–120.21.

■ Appellant's sole allegation is that the trial court failed to inform him pursuant to Rule 17.2 of the Arizona Rules of Criminal Procedure of the special punishment provisions he would be subject to under A.R.S. § 36–1002.02. We agree.

Rule 17.2 states:

"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:

\*　　\*　　\*　　\*　　\*　　\*

"b. The nature and range of possible sentence for the offense to which the plea is offered, *including any special conditions regarding sentence, parole, or commutation imposed by statute;*

\*　　\*　　\*　　\*　　\*　　\* "

(Emphasis added.)

Having established that the trial court erred we must now determine whether the appellant's plea of guilty should be vacated or first demand a showing of prejudice. We recently faced the identical issue in *State v. Morones*, Ariz., 542 P.2d 28 (1975). The defendants in both *Morones* and this case received sentences such that they would not be eligible for release prior to the minimum period of incarceration specified in A.R.S. § 36–1002.02.

"Appellant urges this Court to adopt a mandatory rule of compliance with Rule 17.2(b), *supra*. We do not agree with this approach. Where the record demonstrates that appellant's plea was voluntary, knowingly and intelligently made; and where appellant's counsel fails to show prejudice to the appellant as a result of the court's failure to strictly comply with Rule 17.2(b), we find no compulsion to vacate appellant's plea of guilty. The trial court's failure to advise appellant of the special punishment provision contained in A.R.S. § 36–1002.-

**32**

02(A) was a technical error. [citing Ariz.Const., Art. 6, § 27] * * *

"See *State v. Rodriguez,* 112 Ariz. 193, 540 P.2d 665 (1975).

"We find from our review of the record that appellant's plea was knowingly, intelligently and voluntarily made. No objection regarding the omission was made by counsel for appellant at the time of the plea, nor is there a subsequent showing by counsel of prejudice to appellant. We therefore find no basis on which to vacate appellant's plea of guilty." *State v. Morones,* Ariz., 542 P. 2d at 29–30.

We now consider it improper to characterize the trial court's error in *Morones* and this case as "technical" under Article 6, § 27 of the Arizona Constitution. *State v. Rodriguez,* 112 Ariz. 193, 540 P.2d 665 (1975), cited in *Morones* in support of the "technical" error argument, is not on point. In that case we held that where the trial judge failed to determine, as required by Criminal Rule 17.3, if there was a factual basis for the charge, but the extended record provided the appellate court with sufficient information to make such a finding, the error would be termed technical and the judgment affirmed. See *State v. Mendiola,* 112 Ariz. 165, 540 P.2d 131 (1975). In *State v. Tiznado,* 112 Ariz. 156, 540 P. 2d 122 (1975), we held that a guilty plea would not be set aside where the trial court failed to inform the defendant in open court as required by Rule 17.2 of his privilege against self-incrimination, because the plea agreement signed by the defendant clearly referred to and waived that right.

■ In no previous case other than *Morones* have we found merely technical error and demanded a showing of prejudice where both the Rule was not complied with at the hearing to accept the guilty plea, and the defendant was not aware of information required to be disclosed to him under Rule 17.2. The provisions of this Rule "are intended to insure the voluntary and intelligent quality of the plea in accord with *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)." *State v. Lee,* 112 Ariz. 283, 541 P.2d 383 (1975). A plea cannot be considered "intelligently" made where, as in this case, there is no evidence that the defendant was at any stage of the prosecution provided information required to be disclosed to him under Rule 17.2. In retrospect it appears certain that our finding of "no prejudice" in *Morones* would result in a string of such cases which would circumvent the force and intent of that Rule.

■ It would be improper for this Court to assume that Rios would have pled guilty rather than take his chances with a jury trial had he known that he would have to serve at least five years before becoming eligible for parole. A.R.S. § 36–1002.02. The after-the-fact comparison of terms of incarceration has nothing whatsoever to do with the question of whether the *plea* was intelligently made.

■■ The failure of defense counsel to object at the trial court does not bar consideration of this allegation of error on appeal. *State v. Lee, supra.* In addition, appellee's assertion that there is an affirmative duty on the appellant to show prejudice where Rule 17.2 has been violated and that none has been established because he fails to allege he would have pled differently if the proper procedure had been followed, is without merit. The appellant's request in his brief that his guilty plea be set aside is sufficient.

This Court is naturally reluctant to overrule recent precedent, as we have done with *State v. Morones, supra,* in this case. We would be shirking our duty, however, were we to avoid what we now consider to be the proper approach in favor of an overly rigid adherence to the doctrine of *stare decisis.*

We are unable to determine from the record before us whether the defendant was actually aware prior to the acceptance of his guilty plea of the special punishment

provision contained in § 36–1002.02. If the extended record indicated such knowledge on the defendant's part, the trial court's failure to comply with Rule 17.2 would constitute technical rather than reversible error. See *State v. Rodriguez, supra*; *State v. Mendiola, supra*.

The case is, therefore, remanded to the trial court for a determination as to whether the defendant was aware, prior to the trial court's acceptance of his guilty plea, of the special punishment provision contained in A.R.S. § 36–1002.02. The trial court should then report its finding of fact to this court.

Remanded for proceedings consistent with this opinion.

CAMERON, C. J., and STRUCKMEYER, V. C. J., concurring.

HAYS, Justice (dissenting).

I dissent. Less than 90 days ago this court approved *State v. Morones*, Ariz., 542 P.2d 28 (1975). The facts in *Morones* and in this case are substantially the same. In both cases the trial court, in accepting a guilty plea, failed to inform the defendant that he would not be eligible for parole until the minimum sentence of five years was served. In both cases the defendant was made aware that he could receive a maximum sentence of life imprisonment; and in each instance did receive a sentence which did not invoke the application of the five-year minimum before parole eligibility.

The *Morones* decision was bottomed on *State v. Ross*, 108 Ariz. 245, 495 P.2d 841 (1972). *Ross* was a case decided before the 1973 Rules of Criminal Procedure went into effect but considered whether the United States Supreme Court's mandate as to guilty pleas in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), had been complied with. In the *Ross* case the court set out the issue in these words:

"2. Was the defendant's plea of guilty invalid in that the sentencing judge did not inform the defendant that she would be ineligible for parole until she had served at least two years in prison?" *State v. Ross*, 108 Ariz. at 245, 495 P.2d at 841.

In disposing of this issue, the court held:

"We therefore hold that the provision of the statute requiring that a prisoner serve a certain minimum sentence is not such a 'consequence of the plea' that it must affirmatively appear on the record under the Boykin mandate.

"There is also another reason why the defendant cannot prevail. Since she was sentenced to serve not less than seven years, it would appear that she has not been harmed by failure to know (if indeed she did not know) of the 2-year restriction. Under these circumstances, the defendant could not be considered for parole within the two-year period and the omission was therefore harmless beyond a reasonable doubt." 108 Ariz. at 247–48, 495 P.2d at 843.

It must be remembered that *Boykin, supra*, required that a guilty plea must be voluntarily and intelligently made. This same standard is enunciated in Rule 17.3 of the 1973 Arizona Rules of Criminal Procedure. Obviously, in holding as it does, the majority overrules *Ross, supra*.

I concur with the majority that the trial judge committed error in failing to fully comply with Rule 17.2(b), but I do not consider that error to be of such magnitude as to require reversal. Article 6, § 27 of the Arizona Constitution sets forth our position succinctly:

". . . No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."

I dissent.

HOLOHAN, J., concurs in the dissent.