550 P.2d 240

**STATE of Arizona, Appellee,**

v.

**Antonio C. ESQUER, Appellant.**

**No. I CA–CR I247.**

Court of Appeals of Arizona,
Division 1,
Department B.

June 3, 1976.

Review Denied June 29, 1976.

Bruce E. Babbit, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

Before JACOBSON, P. J., and SCHROEDER and WREN, JJ.

PER CURIAM.

By opinion entered March 4, 1976, this Court reversed appellant's conviction upon a guilty plea. Our reversal was grounded upon three separate deficiencies in the record before us: first, the trial court did not advise the defendant that upon pleading guilty he was waiving his constitutional right to a jury trial; second, there was a discrepancy between the sentence imposed in open court as reflected in the transcript and the court's written orders; and third, the court failed to advise the defendant of the special conditions as required by Rule 17.2(b), Arizona Rules of Criminal Procedure.

The State has filed a motion for rehearing directed to all three issues. With respect to the first two, it urges that the certified transcript, upon which the case was briefed and decided, was in error, and that this Court should remand the case to the Superior Court so that the transcript may be corrected. With respect to the third deficiency, the failure to advise the defendant of special punishment conditions, the State argues that this Court has made an inappropriate retroactive application of a recent decision of our Supreme Court. We deny the motion for rehearing.

We turn first to the question of correction of the record. The record in this case, including the transcript with the certification of accuracy by the court reporter, was duly transmitted to this Court in May of 1975. That transcript contained no reference by the trial court to defendant's right to a jury trial. The transcript further reflected that the court sentenced appellant to a term of "not less than ten years", which was inconsistent with the minute order sentencing defendant to not "less than two nor more than ten years." The appellant's brief squarely raised these matters and urged them as reversible error. The State's response was essentially that such deficiencies were not reversible error and in its brief did not remotely suggest that the transcript was in error. The case was submitted without oral argument.

The motion for rehearing on these issues was prompted by a letter from the trial judge to the Attorney General. The letter stated that the judge, prior to receiving a copy of the Court's opinion, was not aware that the matters were issues on appeal. It further advised that his court reporter would be prepared to testify that the certified transcript was in error; that according to the reporter's notes the trial judge did refer to the defendant's right to a "jury" trial. In connection with sentencing, the reporter would testify that the transcript through inadvertence omitted five words, so that the pronounced sentence had in fact been "not less than two nor more than ten years."

Rule 31.8(h), Arizona Rules of Criminal Procedure, provides:

### "Correction or Modification of the Record

If any controversy arises as to whether the record discloses what actually occurred in the trial court, the difference shall be submitted to and settled by the trial court. If anything material to either party is omitted from the record or is misstated therein, the parties by stipulation, the trial court, either before or after the record is transmitted to the Appellate Court, or the Appellate Court on motion or its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the Appellate Court."

The rule incorporates the principle of Rule 75(h), Arizona Rules of Civil Procedure. As the comment to the criminal rule indicates, it is "intended to prevent major delays and confusion when mistakes or omissions occur."

When a question arises as to the correctness of a record after it has been certified to the Court of Appeals, an appropriate correction is proper, provided that a timely motion is made. *See Williams v.*

*Heinze,* 271 F.2d 308 (9th Cir. 1959), cert. denied, 363 U.S. 845, 80 S.Ct. 1618, 4 L.Ed. 2d 1729. In this case, we conclude that these matters have not been called to our attention in a timely fashion.

Appellee's counsel was fully aware that the now-disputed portions of the transcript were the grounds urged for reversal by appellant in his opening brief. The State had full opportunity to develop its case on appeal prior to the time the case was decided, but did not do so.

Our Supreme Court has followed the principle that once a case has been decided, the appellate court should not entertain a further proceeding in order to permit a party to do what he should have done in the first place. *Crouch v. Truman,* 84 Ariz. 360, 328 P.2d 614 (1958). The court stated:

> "[W]e find no case where an appellate court will allow a correction of this character after decision on appeal when the alleged record defect was known before such decision. The cases require such proceeding to be taken prior to the time of decision on appeal. *Rogers v. Ziller,* Miss., 49 So.2d 736; *Woods v. First National Bank,* 9 Cir., 16 F.2d 856; *Bayuk v. Feldman,* 11 N.J.Super. 317, 78 A.2d 282." 84 Ariz. at 363, 328 P.2d at 616.

The State argues that here counsel did not "know" of the alleged defect since no representative of the Attorney General (counsel on appeal) was present during the trial court proceedings. The State was, however, represented by deputy county attorneys at those proceedings. We perceive no reason why the duty of counsel should be diminished simply because of a change of lawyers.

■ We stress that the State is now challenging the very portions of the record which appellant urged as grounds for its appeal, upon which this Court relied in its decision, and which the State had ample opportunity to challenge prior to this Court's decision. We recognize that a different situation may exist where the appellate court decision rests at least in part upon matters not urged by the parties, or where a contested record may jeopardize an individual's constitutional rights. Neither of these circumstances exists here, and we, therefore, deny the request for correction of the record on rehearing.

■ We turn next to the State's contention that in applying our Supreme Court's holding in *State v. Rios,* 113 Ariz. 30, 545 P.2d 954 (1976), this Court gave that decision improper retroactive effect.

The issue presented both in this case and in *Rios* was the effect of the trial court's failure to advise the defendant of special conditions on his sentence as required by Rule 17.2(b) of the Arizona Rules of Criminal Procedure. Those rules were promulgated in September of 1973. At the time this appellant pleaded guilty, in March of 1975, there had been no appellate court ruling on the effect of the court's failure to advise of the special conditions under the new rules.

Appellant in this appeal timely raised the trial court's failure to comply with the rule in this connection.

In February of 1976, while this appeal was pending, the Supreme Court decided *State v. Rios, supra,* holding that the trial court's noncompliance with the rule was more than mere technical error, and expressly overruling a contrary opinion entered some three months earlier. *State v. Morones,* 112 Ariz. 369, 542 P.2d 28 (1975).

The State in this rehearing motion argues that the *Rios* holding should be applied only to guilty pleas entered after *Rios* was decided. It contends that application of *Rios* to this plea, entered before *Rios* was decided, is an unwarranted retroactive application of the holding.

We disagree. In the first place, applying *Rios* to this case is not a retroactive application in the conventional sense. It does not change the result which would have been reached under law which existed at the time appellant's plea was entered. This is because at the time the guilty pleas of

both Rios and this appellant were entered, there was no appellate court interpretation of Rule 17.2(b).

Moreover, both this appellant and Rios presented the same issue in roughly the same span of time for consideration by our appellate courts. It would be unduly arbitrary to reach different results in the two cases. We conclude that, at the very least, the Supreme Court's holding in *Rios* should apply to cases which were pending on appeal at the time *Rios* was decided and in which the issue was timely raised. There is ample authority for such a ruling. *See, e. g., State v. Maloney*, 105 Ariz. 348, 358, 464 P.2d 793, 803 (1970), holding that the new double jeopardy rule should apply to "those cases on direct appeal on the date this decision is rendered." *See also Phoenix Newspapers, Inc. v. Church*, 103 Ariz. 582, 597, 447 P.2d 840, 855 (1968), cert. denied, 394 U.S. 959, 89 S.Ct. 1307, 22 L.Ed.2d 560.

The motion for rehearing is denied.