553 P.2d 1201

**STATE of Arizona, Appellee,**

v.

**Ralph Fred STENRUD, Appellant.**

**No. 3564–PR.**

Supreme Court of Arizona,
In Banc.

Aug. 6, 1976.

Bruce E. Babbitt, Atty. Gen., William J. Schafer III, Chief Counsel, Crim. Div., Thomas G. Bakker, Asst. Atty. Gen., Phoenix, for appellee.

Risner, Raven & Keller, by Peter B. Keller, Tucson, for appellant.

GORDON, Justice.

We accepted this petition for review for the sole purpose of determining whether our recent decision in *State v. Rios*, 113 Ariz. 30, 545 P.2d 954 (1976), should be given retroactive or merely prospective application. The defendant, Ralph F. Stenrud, pled guilty pursuant to a plea agreement prior to our decision in *Rios* to the crimes of possession of a narcotic drug in violation of A.R.S. § 36–1002 and offering to sell a narcotic drug in violation of A.R.S. § 36–1002.02. He received sentences of two to six years and five to fifteen years on the first and second counts respectively, the terms to be served concurrently.

The defendant timely appealed. The Court of Appeals, upon learning of our decision in *Rios*, temporarily suspended the appeal and reinstated jurisdiction in the trial court which, after a hearing, set aside

the defendant's guilty plea. The Court of Appeals then entered an order dismissing the appeal. The State of Arizona filed a petition for review.

In *Rios* we held that a plea cannot be considered "intelligently" made as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969), "where * * * there is no evidence that the defendant was at any stage of the prosecution provided information required to be disclosed to him under Rule 17.2 [Arizona Rules of Criminal Procedure]." The record in *Rios*, as in this case, failed to indicate that the defendant was informed prior to acceptance of his guilty plea, as required by Criminal Rule 17.2(b), of the special punishment conditions imposed by statute which would affect his eligibility for early release if given a prison sentence.[1] Our decision ascribing constitutional significance to the conveying of this information overruled consistent authority from this Court, both before and after adoption of the Arizona Rules of Criminal Procedure in 1973, holding that the omission was, at least in most instances, not reversible error.[2]

In deciding whether to apply newly adopted rulings retroactively, we consider three criteria: (1) the purpose of the new rule; (2) the extent of reliance upon the old rule; and (3) the effect retroactive application would have upon the administration of justice. *Halliday v. United States*, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969); *Desist v. United States*, 394 U.S. 244, 89 S.Ct. 1030, 22 L. Ed.2d 248 (1969). We are reluctant to apply a constitutional rule of criminal procedure retroactively as "[t]o characterize a past proceeding as unconstitutional and therefore void reflects seriously on the integrity of the law, * * * weakens the confidence of those who trusted in the existence and validity of the rule and undermines the doctrine of the finality of prior determinations." *State v. Smith*, 112 Ariz. 321, 541 P.2d 918 (1975). See *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1975). Retroactive application of a rule is appropriate if it affects the integrity of the fact-finding process and there is a clear danger of convicting the innocent. *Johnson v. New Jersey*, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). "The effect of a rule on the integrity of the fact-finding process is a matter of degree and depends to the greatest extent on what other safeguards protect the integrity of the process." *State v. Smith*, supra. See *Stovall v. Denno*, 388

---

1. A.R.S. § 36–1002 reads in part:
  "*Possession of narcotic drugs; punishment*
  "A. Except as otherwise provided in this article, every person who possesses any narcotic drug other than marijuana except upon the written prescription of a physician, osteopath, dentist or veterinarian licensed to practice in this state, shall be punished by imprisonment in the state prison for not less than two year nor more than ten years, and shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than two years in prison.
  *   *   *   *   *
  A.R.S. § 36–1002.02 reads in part:
  "*Import and transport of narcotic drugs; sales and traffic in narcotic drugs; penalty; probation or suspension of sentence prohibited*
  "A. Except as otherwise provided in this article, every person who transports, imports into this state, sells, furnishes, administers or gives away, or offers to transport, import

into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any narcotic drug other than marijuana except upon the written prescription of a physician, osteopath, dentist, or veterinarian licensed to practice in this state shall be punished by imprisonment in the state prison from five years to life, and shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than five years in prison.
  *   *   *   *   *"

2. *State v. Ross*, 108 Ariz. 245, 495 P.2d 841 (1972), flatly held that restrictions on eligibility for parole were not a "consequence of the plea." *State v. Morones*, 112 Ariz. 369, 542 P.2d 28 (1975), held that the failure to inform a defendant of restrictions on early release was "technical error," absent a showing of prejudice.
  The acceptance of the guilty plea in this case occurred after *Ross* and prior to *Morones*.

U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

■ After balancing the above factors we have concluded that our holding in *Rios* should not be applied retroactively. While the purpose of the constitutional rule enunciated in that case is to enhance the intelligence of a defendant's plea, significant protections designed to insure that goal existed prior to the decision and were afforded the defendant in this case. Moreover, the trial court's omission in this case is not only not a "consequence of the plea" for *Boykin* purposes according to *State v. Ross,* supra, controlling precedent at the time of Stenrud's plea, it also is not "prejudicial" under the test later announced in *State v. Morones,* supra. The sentences imposed are sufficiently lengthy that the defendant will not be eligible for release prior to the expiration of the terms contained in the special punishment provisions of A.R.S. §§ 36–1002 and 36–1002.02. In addition, it is highly probable that many pleas accepted and convictions affirmed in reliance on the prior authority would have to be reviewed if *Rios* were held to be retroactive and that this would have a disrupting effect upon the administration of justice.

Our determination is consistent with that made by the United States Supreme Court in *Halliday v. United States,* supra, where that Court stated *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L. Ed.2d 418 (1969), should not be applied retroactively. In *McCarthy* the Court had held that a district court's failure to ascertain the voluntary and intelligent nature of a defendant's plea as dictated by Rule 11 of the Federal Rules of Criminal Procedure required that the plea be set aside. It is also consistent with *State v. Griswold,* 105 Ariz. 1, 457 P.2d 331 (1969), where we held that *Boykin* would not be given retroactive effect.

Order of the trial court setting aside defendant's plea vacated; judgment of conviction and sentence reinstated; order of the Court of Appeals dismissing appeal vacated; appeal reinstated; remanded to the Court of Appeals for proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concurring.