557 P.2d 558

**STATE of Arizona, Appellee,**

v.

**Jimmy Ponce LOPEZ, Appellant.**

**No. 1 CA-CR 1632.**

Court of Appeals of Arizona,
Division 1,
Department B.

Aug. 31, 1976.

Rehearing Denied Dec. 9, 1976.

Bruce E. Babbitt, Atty. Gen. by William
J. Schafer, III, Chief Counsel, Crim. Div.,

Lynn Hamilton, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael Tryon, Deputy Public Defender, Phoenix, for appellant.

## OPINION

SCHROEDER, Judge.

The appellant pleaded guilty, pursuant to a plea agreement with the county attorney, to three counts of sale of a narcotic drug. He was sentenced to three concurrent terms of not less than five years nor more than ten years in the Arizona State Prison. On appeal, he argues that the guilty plea was improperly accepted because of the trial court's failure to comply with Rule 17.2(b), (c) and (d), Arizona Rules of Criminal Procedure.

Appellant first argues that the trial court failed to comply with 17.2(b), which in part requires that the court inform the defendant of the range of possible sentences and of any special conditions regarding sentence imposed by statute.[1] Appellant pleaded guilty to violations of A.R.S. § 36–1002.-02. Any person convicted under that statute who is placed on probation must be committed to the Department of Corrections for a period of not less than 30 days. A.R.S. § 36–1002.02(F). *See State v. Superior Court*, 25 Ariz.App. 452, 544 P.2d 276 (1976). The record does not show that appellant was advised of this requirement.

▪ The State argues that the trial judge did not violate the mandate of Rule 17.2(b) because a condition of probation is not a "sentence" and that, therefore, Rule 17.2(b) is inapplicable. However, even if probation itself is not a sentence, a mandatory 30-day commitment must be regarded as a sentence. *See State v. Evans*, 109 Ariz. 491, 512 P.2d 1225 (1973). The

30-day requirement of A.R.S. § 36–1002.-02(F) is thus a special condition regarding sentence, or is itself a minimum sentence. Rule 17.2(b) required that appellant be advised of it. The trial court's statement that he could receive probation and the similar provision in the plea agreement were inaccurate and misleading insofar as they implied that ·appellant might avoid any incarceration.

The State further argues that even if Rule 17.2(b) is applicable, the failure to comply with it did not prejudice the appellant and constituted harmless error. The State relies on *State v. Ross*, 108 Ariz. 245, 495 P.2d 841 (1972), in support of this position. The continuing vitality of *Ross*, however, has been called into serious question by the decision in *State v. Rios*, 113 Ariz. 30, 545 P.2d 954 (1976).

The defendant in *Rios* claimed that the trial court failed to advise him of the special punishment conditions he would be subject to under A.R.S. § 36–1002.02 when he pleaded guilty. The court in *Rios* stated:

> "A plea cannot be considered 'intelligently' made where, as in this case, there is no evidence that the defendant was at any stage of the prosecution provided information required to be disclosed to him under Rule 17.2.
>
> \* \* \* \* \* \*
>
> "It would be improper for this Court to assume that Rios would have pled guilty rather than take his chances with a jury trial had he known that he would have to serve at least five years before becoming eligible for parole." (113 Ariz. at 32, 545 P.2d at 956).

We recognize that the appellant here was actually sentenced to prison, and at first blush it might appear that the court's error with respect to the special probation condition was inconsequential. However, as *Rios*

---

1. Rule 17.2 provides in pertinent part:
   "Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining ,that he understands the following:

   > \* \* \* \* \*
   >
   > "b. The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute."

makes clear, the rule is to insure that a defendant understands the full range of consequences of the plea *before* it is accepted. The record here supports the conclusion that the appellant was under the impression he would probably get probation; he testified that his attorney so advised him. In such circumstances the need for full information concerning minimum incarceration becomes extremely important.

■ The appellant also contends that the trial judge failed to advise him of certain constitutional rights given up by pleading guilty and, therefore, violated Rule 17.2(c). He argues that the court did not inform him of his right to compel the attendance of witnesses, the right to confront witnesses against him, and the right to present evidence in his own behalf. The transcript of the plea bargaining proceeding, however, conclusively demonstrates that the appellant was addressed and advised by the judge with respect to waiver of these rights. Furthermore, the plea agreement signed by the appellant and counsel recited the constitutional rights given up by a plea of guilty. In such circumstances the mandate of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), is fully complied with. *See State v. Tiznado*, 112 Ariz. 156, 540 P.2d 122 (1975).

■ Appellant further argues that he was not advised of the right to plead not guilty as required by Rule 17.2(d). However, the record shows that appellant initially entered a plea of not guilty and subsequently changed the plea at the plea bargaining proceeding. We have held that such a showing conclusively demonstrates that a defendant had knowledge of the right to plead not guilty. *See State v. Munoz*, 25 Ariz.App. 350, 543 P.2d 471 (1975); *State v. Crews*, 25 Ariz.App. 170, 541 P.2d 961 (1975).

Since the only defect in the record pertains to the appellant's knowledge of the special condition on probation, we conclude that a remand, pursuant to *State v. Rios*, *supra*, is appropriate under the facts of this case to determine whether or not at the time of the plea proceeding the appellant was aware of the special 30-day punishment provision contained in A.R.S. § 36–1002.02(F).

The case is, therefore, remanded to the trial court for a hearing to determine this fact and the trial court is requested thereafter to report its finding of fact to this Court for our final determination of this matter.

JACOBSON, P. J., and WREN, J., concur.

### MOTION FOR REHEARING GRANTED

### JUDGMENT AND SENTENCE AFFIRMED

SCHROEDER, Judge.

Our original opinion in this matter concluded that the trial court had violated the provisions of Rule 17.2, Arizona Rules of Criminal Procedure, and that the principles enunciated by our Supreme Court in *State v. Rios*, 113 Ariz. 30, 545 P.2d 954 (1976), required that the matter be remanded.

The State has now moved for rehearing. Both parties agree that the issues in this case are similar to those in *Rios*. However, the parties disagree as to the applicability of *Rios* to pleas accepted prior to the issuance of that opinion. The State relies upon the recent decision of our Supreme Court in *State v. Stenrud*, 113 Ariz. 327, 553 P.2d 1201 (1976). The appellant relies upon this Court's earlier supplemental opinion in *State v. Esquer*, 26 Ariz.App. 572, 550 P.2d 240 (1976). We there held that the *Rios* decision should govern at least those cases where, as here, the plea was entered prior to the Supreme Court's decision in *Rios*, but the issue of compliance with Rule 17.2 had been timely raised and presented on appeal.

■ This Court has reviewed the Supreme Court's decision in *Stenrud*, and in-

terprets it as holding that the principles enunciated in *Rios* shall not apply to any plea accepted prior to the issuance of that decision, regardless of whether the question of compliance with Rule 17.2 was timely urged on appeal. That portion of this Court's decision in *Esquer* dealing with the retroactivity of *Rios* is, therefore, inconsistent with the subsequent Supreme Court holding in *Stenrud*; the Supreme Court's holding in such circumstances is controlling. The motion for rehearing must accordingly be granted. Our former opinion in this matter is therefore amended, and the judgment of the trial court affirmed.

WREN and JACOBSON, JJ., concur.