562 P.2d 385

STATE of Arizona, Respondent,

v.

Frank RIOS, Jr., Petitioner.

No. 1 CA–CR 2088–PR.

Court of Appeals of Arizona,
Division 1,
Department C.

Jan. 25, 1977.

Rehearing Denied March 17, 1977.

Review Denied April 5, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III, Chief Counsel, Crim. Div. and Donald W. Harris, former Maricopa County Atty., Phoenix, for respondent.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for petitioner.

## OPINION

HAIRE, Judge.

The defendant, Frank Rios, Jr., was indicted in September 1972 on a charge of selling narcotic drugs, a felony. Pursuant to a duly filed written plea agreement, he pled guilty to the offense charged. His guilty plea was thereafter accepted by the trial court, a judgment of guilt entered, and a five year term of probation was imposed from which no appeal was taken.

A year later defendant was found to have violated the terms of his probation. He was reinstated on probation with the additional conditions that he enroll in a drug program and submit to urinalysis tests as directed. Other intermediate petitions for revocation of probation were filed and quashed. As the result of a revocation petition filed on May 15, 1974, however, petitioner's probation was finally revoked, and, on June 26, 1974, petitioner was sentenced to a term of five to seven years in prison. No appeal was filed from the revocation of probation and sentence of imprisonment.

Thereafter, in December 1975, defendant filed a petition for post-conviction relief.

In that post-conviction relief proceeding he raised various contentions which were summarily disposed of by the trial court as follows:

"Pursuant to Rule 32.6(c), the court has reviewed the appropriate pleadings, files and records, and disregarding defects of form, determined that no material issue of fact exists which would entitle the petitioner to relief under Rule 32 and that no purpose would be served by any further proceedings.

"ORDERED dismissing the petition for post-conviction relief filed by defendant."

The defendant then filed a timely motion for rehearing which was also denied by the trial judge. His petition for review now brings before this Court the following issues raised in his motion for rehearing.

1. Did the failure of the trial judge to advise defendant of the special conditions of sentence (mandatory minimum of five years without possibility of parole) at the time of his original guilty plea render his guilty plea invalid pursuant to Rule 17.2, Rules of Criminal Procedure and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)?

2. Did the failure of the trial court to give defendant credit for presentence incarceration on the mandatory minimum sentence constitute a denial of due process and equal protection of the law?

3. Was the state precluded by double jeopardy principles from filing the revocation charges which ultimately resulted in the revocation of petitioner's probation?

4. Was the finding of violation of probation premature, when made after the state had rested, but before defendant had been given an opportunity to present evidence at a hearing which had been continued for that purpose?

We note that although the defendant did not appeal from either his initial conviction and sentence or his subsequent probation revocation and sentence, the state has not urged that the defendant's failure to appeal precluded his later assertion of the above questions in these Rule 32 proceedings.

Since Rule 32.2(d), Rules of Criminal Procedure, places the burden on the state to ". . . plead and prove any ground of preclusion . . ..", we have not considered on this review whether any of the questions raised by the defendant would have been precluded under the provisions of Rule 32.2 if preclusion had been urged by the state before the trial court.

■ We consider first the defendant's contentions concerning the failure of the trial judge to advise him at the original guilty plea proceedings concerning the special minimum sentencing provisions relating to a conviction for the offense charged. At the time of those proceedings, and for a considerable period thereafter, there was no requirement in Arizona law that convictions on guilty pleas be invalidated because of the failure of the trial judge to advise the defendant concerning special minimum sentence provisions. *See State v. Ross,* 108 Ariz. 245, 495 P.2d 841 (1972); *State v. Morones,* 112 Ariz. 369, 542 P.2d 28 (1975). However, on February 6, 1976, the Arizona Supreme Court filed its opinion in *State v. Rios,*[1] 113 Ariz. 30, 545 P.2d 954 (1976) which overruled *State v. Ross* and *State v. Morones, supra,* and held that a guilty plea must be invalidated where the trial judge had failed to advise the defendant concerning special minimum sentence provisions. The question of whether *State v. Rios, supra,* should be given retroactive effect so as to invalidate the guilty plea here involved has recently been answered by the Arizona Supreme Court's opinion in *State v. Stenrud,* 113 Ariz.App. 327, 553 P.2d 1201 (1976), holding that *State v. Rios* is inapplicable to guilty plea proceedings occurring prior to the date of the filing of the court's opinion in *Rios,* February 6, 1976. Inasmuch as the defendant's guilty plea occurred long prior to that date, the plea is not invalid despite the failure of the trial judge to advise him concerning the special minimum sentence provisions involved.

■ We next consider defendant's contention that he should have been given credit for presentence incarceration against the mandatory minimum sentence. Defendant spent a total of 74 days in confinement before his 1972 conviction for which he received probation. He was again incarcerated on May 17, 1974, in connection with the probation revocation proceedings. In the subsequently imposed prison sentence, the court's minute entry order shows that the sentence was to date from May 17, 1974, thereby obviously giving credit to defendant for the time spent in jail pending the revocation proceedings. However, there is no indication in the minute entries that the trial court took into consideration the 74 days of incarceration which had preceded the original imposition of probation in 1972. There can be no question but that, under Arizona law, the court in imposing a sentence following a probation revocation must consider any period of incarceration which occurred between the initial arrest and the granting of probation, unless consideration was given to that presentence incarceration when the defendant was initially placed on probation. *State v. Gomez,* 112 Ariz. 243, 540 P.2d 1224 (1975). The consideration which the judge must give in this regard is not limited to the fixing of the maximum term of imprisonment. He should also consider presentence incarceration in fixing the minimum term. As stated in *State v. Kennedy,* 106 Ariz. 190, 472 P.2d 59 (1970):

"While the determination of the sentence is within the discretion of the trial court, the amount of time that a defendant has served in jail prior to conviction should be taken into consideration by the court in the passing of sentence. This can be done under the provisions of both the rules of the court and the statute permitting the court to fix the date of the beginning of the sentence, or by giving a shorter minimum and maximum sentence, providing that such would be permitted by the statute under which defendant is sentenced. The court might

1. The defendant in *State v. Rios,* cited above, was not the same person as is involved in this petition for review.

well feel that fixing a sentence at the minimum allowed by statute would be too long, considering the time served in jail before sentence." 106 Ariz. at 193, 194, 472 P.2d at 62, 63.

■ While this court completely agrees with defendant that a failure on the part of the trial court to consider presentence incarceration in arriving at the minimum and maximum terms of an appropriate sentence might well result in that "invidious discrimination" against the indigent defendant precluded by equal protection principles, *see* *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970),[2] we are unable to see any special significance when a mandatory minimum sentence with special provisions such as "flat time" is involved, as opposed to the imposition of any other minimum sentence. The principle is the same— that the trial judge *take into consideration* the presentence incarceration in determining the sentence to be imposed. But no strict rule can be laid down which would require that the judge always impose a sentence of less than the statutorily required minimum, whether through predating the start of the sentence or otherwise. However, in this connection it should be emphasized that if, in giving consideration to presentence incarceration, the trial judge decides to give credit against the statutory minimum to the extent of the time spent by the defendant in presentence incarceration, he would be authorized to do so. On the other hand, we cannot presume that the trial court did not give consideration to presentence incarceration merely because he gave the full mandatory minimum sentence, in that he always had the option to impose a longer minimum.

The possible sentences which may be imposed under Arizona's indeterminate sentencing scheme for a particular offense are too numerous to permit the promulgation of any strict formula to govern the trial judge's options in this area. The only standard which can be stated is the requirement that he give consideration to and credit for the presentence incarceration. If at the time of sentencing he indicates that he has done so, the validity of the sentence should not be questionable on appeal unless it is obvious from the terms of the sentence imposed that he did not in fact do so. For example, where the statutory maximum sentence has been imposed with the term of imprisonment to commence at the date of sentencing, it would be obvious that presentence incarceration was not considered. However, no such inference can be drawn from the fact that the trial court has imposed the statutory mandatory minimum sentence for the crime charged, since the trial judge might well have given a greater minimum had he not considered presentence incarceration.

■ Applying the foregoing, we reject defendant's argument that the mere fact that defendant received the mandatory minimum sentence shows that the trial court did not consider defendant's pre-conviction incarceration. From a review of the record presented to us on this review, however, we are unable to determine whether the trial court in fact did, or did not, do so. Rule 26.10(b)(2), Ariz. Rules of Criminal Procedure, requires that at the time of pronouncement of sentence the trial court must "state that it has considered the time the defendant has spent in custody on the present charge."[3] If the trial judge complies with this rule, then on appeal we must presume that he gave consideration to all presentence incarceration unless as we have indicated previously, the record shows that he could not have done so. Without a transcript of the revocation sentencing proceedings we are unable to determine whether there was compliance with this rule, nor can we see how this issue could have been summarily disposed of by the trial judge in this post-conviction relief proceeding without such transcript being available to him. Therefore this case must be remanded to

---

2. For a more thorough discussion, see *State v. Fuentes,* 26 Ariz.App. 444, 549 P.2d 224 (1976).

3. The provisions of Rule 26.10 are applicable to sentencing proceedings following probation revocations. See Rule 27.7(d), Rules of Criminal Procedure.

the trial court for further consideration of this question.

We will next consider defendant's double jeopardy contention concerning the revocation proceedings. Prior to the filing of the May 15, 1974, petition which led to the revocation of defendant's probation, numerous other petitions for the revocation of defendant's probation had been filed alleging as grounds therefor the same facts upon which the court ultimately found the instant violations. The reasons for these dismissals are not clear, except that one dismissal was occasioned by the state being unprepared. None of these dismissals was made with prejudice, and all were ordered prior to evidence being submitted or findings made on any of the charges contained in the petitions. The defendant's double jeopardy contention is that these prior dismissals precluded the refiling of a subsequent petition based on the same facts.

One is placed in double jeopardy when a prior factual determination is re-litigated. *State v. Hopson,* 112 Ariz. 497, 543 P.2d 1126 (1975). The dismissals of the prior petitions were not based upon any factual determinations, nor upon the resolution of any issues concerning the facts which constituted the grounds upon which the defendant's probation was eventually revoked. Under these circumstances, we hold that defendant's double jeopardy contentions are not sustainable.

Defendant's final contention is that the finding of violation of probation was premature, because it was made after the state rested, without giving defendant an opportunity to present evidence at a hearing continued for that purpose. As we have previously stated, the record is presently devoid of transcripts of the testimony taken at the revocation hearing which led to the sentence of imprisonment. A minute entry for June 3, 1974, shows that the proceeding was denoted as the preliminary hearing on revocation of probation, that the defendant denied the alleged violations of the terms and conditions of his probation, and that the prosecutor called one witness. The minute entry order reflects that the

following then occurred, all at the same hearing:

"Counsel for the defendant moves to reset this hearing for further evidence. *"IT IS ORDERED continuing this matter for the Final Revocation of Probation Hearing at which time the defendant may also present evidence, on June 20, 1974 at 9:00 A. M.*

\*    \*    \*    \*    \*    \*

"Counsel for the State has rested in the presentation of its evidence.

"The State having rested based upon the testimony of cross-examination,

"The Court finds that the defendant has violated the terms of his probation as imposed on June 14, 1973. . . .

\*    \*    \*    \*    \*    \*

"IT IS ORDERED FINDING THE defendant in violation of his terms of probation as set forth on June 14, 1973 on the charge of Sale of Narcotic Drugs, a felony." (Emphasis in original).

The minute entry for the continued hearing, which was eventually held on June 26, 1974, reflects that defendant at that time presented additional evidence, and that after hearing the additional evidence, the court again found defendant to be in violation of the terms and conditions of his probation. While it is obvious that the trial court's initial findings of probation violations were premature, defendant does not urge any particular resulting prejudice. The record does not reflect that he objected to the preliminary determination of probation violation by the trial judge, nor does defendant question the sufficiency of the evidence to support the trial court's findings. Defendant was allowed to present his evidence at the continued hearing, and the trial judge then made new findings regarding the probation violations. Under these circumstances we cannot perceive any prejudice to defendant which would justify setting aside the trial court's findings and remanding this matter for a new probation violation hearing.

This matter is remanded to the trial court with directions that the trial court require

**510**

that a transcript of the probation revocation sentencing proceedings and the original sentencing proceedings be furnished in order that a determination may be made as to whether there was compliance with Rule 26.10(b)(2). If said rule was not complied with, the sentence shall be vacated, and defendant shall be resentenced in accordance with Rule 26.10(b)(2) and the principles set forth in this opinion.

FROEB, C. J., and JACOBSON, P. J., concurring.