640 P.2d 177

STATE of Arizona, Appellee,

v.

James WESLEY, aka Curtis Simmons, Appellant.

No. 5236.

Supreme Court of Arizona, En Banc.

Jan. 15, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Charles R. Krull, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Chief Justice.

Appellant, James Wesley aka Curtis Simmons, was convicted of attempted robbery after he entered a guilty plea pursuant to a plea agreement. Appellant challenged that conviction and we assumed jurisdiction pursuant to Rule 47(e)(5), Rules of Supreme Court, 17A A.R.S.

The pertinent facts are as follows: Appellant was charged with attempted robbery to which he pled not guilty. After the preliminary hearing a plea agreement was reached whereby appellant agreed to plead guilty to attempted robbery in exchange for the state's withdrawal of an allegation of prior conviction. The plea agreement also contained a stipulation that appellant would receive a sentence no greater than two years in the custody of the Department of Corrections.

The court questioned appellant and determined that he knowingly, voluntarily, and intelligently entered his plea of guilty. The court accepted appellant's plea and sentenced him to confinement for two years with credit for time served. The sentence was ordered to run consecutive to any prison time imposed upon appellant because of a revocation of parole.

Appellant challenges the sentence and the conviction as being based upon an invalid guilty plea and as contrary to his plea

agreement. Appellant raises three issues for determination on appeal:

I. Did the trial court's failure to advise appellant of the possibility of consecutive sentences render appellant's plea of guilty unintelligent?

II. Was appellant's sentence contrary to the stipulation contained in the plea agreement?

III. Did the trial court properly determine the voluntariness of appellant's guilty plea?

## CONSECUTIVE SENTENCES

Rule 17.2(b), Rules of Criminal Procedure, 17 A.R.S. requires the court to determine, before accepting a guilty plea, that the defendant understands the nature and range of possible sentence he could receive, including any statutory "special conditions regarding sentence." Appellant argues that his guilty plea was not intelligently made because the trial court did not advise him of the possibility that his sentence could be ordered to run consecutive to a sentence he was already serving on parole.

We have held that the possibility of receiving consecutive sentences is not a "special condition regarding sentence" contemplated by Rule 17.2(b). *State v. Gordon,* 125 Ariz. 425, 610 P.2d 59 (1980). Neither is that possibility a consequence that must be disclosed to the defendant under *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *State v. Gordon, supra; State v. Defoy,* 109 Ariz. 159, 506 P.2d 1053 (1973); *State v. Young,* 106 Ariz. 589, 480 P.2d 345 (1971); *State v. Tritle,* 16 Ariz. App. 45, 490 P.2d 1173 (1971). There is no constitutional right to receive concurrent sentences for two separate offenses. *State v. Young, supra.* Furthermore, we are of the opinion that the requirements of Rule 17.2(b) as well as those of *Boykin* do not apply to a consequence so obvious as separate punishments for separate crimes. Appellant must be presumed to have been aware of the possibility of consecutive sentencing. *State v. Young, supra; see State v. McCallister,* 107 Ariz. 143, 483 P.2d 558

(1971). We note that the ninth circuit is in accord with our holding that a trial court is not required to advise a defendant of the possibility of consecutive sentences before accepting his plea of guilty. *United States v. Hamilton,* 568 F.2d 1302 (9th Cir. 1978), cert. denied, 436 U.S. 944, 98 S.Ct. 2846, 56 L.Ed.2d 785 (1978); *Johnson v. United States,* 460 F.2d 1203 (9th Cir. 1972), cert. denied, 409 U.S. 873, 93 S.Ct. 206, 34 L.Ed.2d 125 (1972).

## PLEA AGREEMENT

As part of the plea agreement the parties stipulated that appellant would receive a sentence no greater than two years in the custody of the Department of Corrections. Appellant argues that by ordering the sentence to run consecutive to any prison time he might receive as a result of a parole violation proceeding, the court sentenced him contrary to the plea agreement without affording him an opportunity to withdraw his plea pursuant to Rule 17.4, Rules of Criminal Procedure, 17 A.R.S.

During the proceedings the court explained to appellant various sentencing possibilities and concepts. Within the explanation was the following exchange.

THE COURT: Do you understand that under this agreement I have the discretion to decide whether or not you will go to prison for a maximum of two years which would begin as of the date you went to jail, which was about three months ago?

MR. SIMMONS: Yes, a little over, I believe it was four.

THE COURT: Whatever it was, that would be the date your prison term would start. (R.T. of 6/26/80 at 4.)

Appellant contends that the quoted material illustrates that all the parties understood the agreement to mean appellant would be in prison for no longer than two years from the date he was initially incarcerated for the offense. We cannot adopt appellant's interpretation of the exchange. The court made it clear immediately following the quoted exchange that the sentencing decision would not be made until the

presentence investigation had been conducted. The context of the conversation reveals that the court was merely explaining the concept of credit given against a sentence for time already served rather than expounding its interpretation of the plea agreement. There is no indication that the trial judge was aware of the fact that the defendant was on parole.

■ We believe appellant received exactly the sentence he bargained for, that is, not longer than two years incarceration *for the offense to which he pled guilty.* That the sentence was ordered to commence upon the end of a prior sentence appellant was then serving did not constitute an enlargement of either sentence. The plea agreement was identified by the instant cause number and dealt only with the charge of attempted robbery. If the parties had intended the stipulated sentence to encompass matters outside of that charge, they could have so stated. The sentence is not contrary to the plea agreement.

### VOLUNTARINESS OF PLEA

The trial court did not specifically inform appellant that by pleading guilty he gave up his right to confront and cross-examine witnesses, his right to remain silent and be presumed innocent, or his right to plead not guilty. Appellant contends that the court failed to question appellant directly to establish that the plea was not the result of force, threats, or promises.

We have repeatedly held that if it can be ascertained from an examination of the record that the defendant was aware of his rights, the judge's error in not advising him thereof shall be regarded as technical rather than reversible. *State v. Levario,* 118 Ariz. 426, 577 P.2d 712 (1978); *State v. Rios,* 113 Ariz. 30, 545 P.2d 954 (1976); *State v. Tiznado,* 112 Ariz. 156, 540 P.2d 122 (1975).

■ In the instant case the record includes the plea agreement signed by appellant and his attorney. The agreement contains a paragraph, which appellant individually initialled, setting forth the constitutional rights of which appellant claims he was not made aware. The transcript of appellant's hearing reveals that the court did, in fact, ascertain that appellant had read and signed the plea agreement, reviewed it with his attorney, and understood that he was waiving the listed constitutional rights. Furthermore, defense counsel signed an avowal in the plea agreement that he had discussed the case in detail with his client and advised him of his constitutional rights and all defenses.

We think it clear from the record that appellant was informed of and voluntarily waived his rights of confrontation and cross-examination, and his rights to remain silent and be presumed innocent.

■ The record shows that appellant initially entered a plea of not guilty and subsequently changed his plea as a result of the plea agreement. Such a showing conclusively demonstrates appellant's knowledge of the right to plead not guilty. *State v. Wilson,* 131 Ariz. 96, 638 P.2d 1342, (1981); *State v. Lopez,* 27 Ariz.App. 626, 557 P.2d 558 (1976).

■ Finally, we disagree with appellant's contention that the court failed to establish that his plea was not the result of force, threats, or promises. In the absence of any indication in the record or allegation by appellant that such force, threats, or promises existed, the trial court's repeated questioning of appellant as to whether he entered the plea of his own free will is sufficient to show the voluntary nature of the plea.

Having examined the record and determined that a factual basis for the plea of guilty exists, and having held the plea to have been voluntarily made, we affirm the judgment and sentence of the trial court.

GORDON, V. C. J., and STRUCKMEYER, HAYS and CAMERON, JJ., concur.