NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JOHN EDWARD LOFTON, JR., *Petitioner.*

No. 1 CA-CR 15-0131 PRPC
FILED 4-25-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 1987-009127
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

John Edward Lofton, Jr., San Luis
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

**J O N E S**, Judge:

¶1        Petitioner John Edward Lofton, Jr., petitions this Court for review from the summary dismissal of his untimely and successive notice of post-conviction relief.  Lofton pled guilty to two counts of first-degree murder committed in 1987 when he was a juvenile.  The trial court sentenced him to consecutive terms of life imprisonment with the possibility of parole after twenty-five years,[1] and this Court affirmed his convictions and sentences on direct appeal.  *See generally State v. Lofton*, 1 CA-CR 90-737 (Ariz. App. Jan. 8, 1991) (mem. decision).

¶2        Lofton argues he is entitled to be resentenced in light of *Miller v. Alabama*, 567 U.S. 460 (2012).  In *Miller*, the U.S. Supreme Court held "that mandatory life [sentences] without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"  567 U.S. at 465.

¶3        But Lofton received a sentence of life with the possibility of parole for each count.  Each sentence was the minimum available for a first-degree murder committed in 1987.  That the trial court ordered Lofton to serve the two sentences consecutively is of no matter.  "A defendant has no constitutional right to concurrent sentences for two separate crimes involving separate acts." *State v. Jonas*, 164 Ariz. 242, 249 (1990) (citing *State v. Wesley*, 131 Ariz. 246, 248 (1982), and *State v. Young*, 106 Ariz. 589, 590 (1971)).

¶4        Accordingly, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[1]        At the time Lofton committed the offenses, the only available sentences for the first-degree murder of a victim fifteen or more years of age were death or imprisonment for life with a possibility of release after twenty-five years; a sentence of "natural" life without the possibility of release was not available at that time.  Ariz. Rev. Stat. § 13-703(A) (1985); *see also* 1988 Ariz. Sess. Laws, ch. 155, § 1 (2d Reg. Sess.).