569 P.2d 272

STATE of Arizona, Respondent,

v.

Ronald Harold DROZD, Petitioner.

No. 1 CA–CR 2565–PR.

Court of Appeals of Arizona,
Division 1,
Department C.

July 12, 1977.

Rehearing Denied Aug. 19, 1977.

Review Denied Sept. 22, 1977.

Charles F. Hyder, Maricopa County Atty., Phoenix, for respondent.

Ross P. Lee, Maricopa County Public Defender by Anne W. Kappes, Deputy Public Defender, Phoenix, for petitioner.

OPINION

JACOBSON, Presiding Judge.

Petitioner Ronald Drozd was convicted for the felonious sale of a narcotic drug (a violation of A.R.S. § 36–1002.02) following his guilty plea in October of 1974. A sentence of not less than five nor more than five and one-half years imprisonment in the Arizona State Prison was imposed. No appeal was taken from either the conviction or sentence.

In December of 1976 petitioner filed a Petition for Post-Conviction Relief alleging therein that at the time of his guilty plea he was not informed that he would be required to serve a five year mandatory minimum prison sentence prior to eligibility for parole or other release if probation was not granted. The Maricopa County Public Defender, who was appointed to assist petitioner, made a motion for an order requiring the production of transcripts of the guilty plea and sentencing hearings. On January 13, 1977, the trial court denied the Motion for

Transcripts and denied the Petition for Post-Conviction Relief on the basis that petitioner was not entitled to relief as a matter of law. *See* Rule 32.6(c), Rules of Criminal Procedure, 17 A.R.S.

■ Petitioner's sole allegation upon which he claims entitlement to relief is that the trial court did not inform him of the special punishment provision of A.R.S. § 36–1002.02(A) at the time that he entered his guilty plea. Petitioner's guilty plea was entered prior to *State v. Rios,* 113 Ariz. 30, 545 P.2d 954 (1976), which invalidated a guilty plea where the trial judge had failed to advise the defendant of the special minimum sentence provisions. *State v. Rios, supra* is, however, inapplicable to petitioner's guilty plea proceedings as it occurred prior to February 6, 1976. *State v. Stenrud,* 113 Ariz. 327, 553 P.2d 1201 (1976). As *Stenrud, supra* stated:

> "[T]he trial court's omission . . . [was] not . . . a 'consequence of the plea' for *Boykin* [*Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] purposes according to *State v. Ross* [108 Ariz. 245, 495 P.2d 841 (1972)] controlling precedent at the time of [the defendant's] plea, [and] it also [was] not 'prejudicial' under the test later announced in *State v. Morones,*" [112 Ariz. 369, 542 P.2d 28 (1975)]. *Id.* at 329, 553 P.2d at 1203.

Assuming the facts alleged to be true, petitioner's sole allegation of error was without merit as a matter of law and the trial court correctly dismissed the petition. Rule 32.-6(c), *supra; State v. Rogers,* 113 Ariz. 6, 545 P.2d 930 (1976).

■ Petitioner's court-appointed counsel also contends that the trial court erred in denying the Motion for Transcripts. Counsel argues that an indigent petitioner is entitled to transcripts at state expense of all proceedings which might affect his claim for relief, and that the trial court's refusal to provide these to petitioner constitutes a denial of due process and equal protection of law. Petitioner was indigent at conviction and sentencing and had he appealed that original proceeding he would have been entitled to both representation on appeal and transcripts of the entire trial proceedings. *See Hardy v. United States,* 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964). However, the right to receive transcripts at public expense in connection with ancillary post conviction proceedings is not a right guaranteed either by the due process or equal protection clauses of the United States Constitution. *United States v. Mac-Collom,* 426 U.S. 317, 323–326, 96 S.Ct. 2086, 2091–92, 48 L.Ed.2d 666, 674–675 (1976). In that case, the United States Supreme Court stated:

> "The Due Process Clause of the Fifth Amendment does not establish any right to an appeal, see *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956), and certainly does not establish any right to collaterally attack a final judgment of conviction. In this case respondent was granted a statutory right of appeal without payment of costs if he were an indigent, and had he pursued that right section 753(f) would have authorized the use of public funds to furnish him a transcript of the trial proceedings without any further showing on his part. Having foregone this right, which existed by force of statute only, he may not several years later successfully assert a due process right to review of his conviction and thereby obtain a free transcript on his own terms as an ancillary constitutional benefit. The conditions which Congress had imposed on obtaining such a transcript in § 753(f) are not 'so arbitrary and unreasonable as to require their invalidation,' *Douglas v. California,* 372 U.S. 353, 365, 83 S.Ct. 814, 820, 9 L.Ed.2d 811 (1963) (Harlan, J. dissenting); rather they 'comport with fair procedure,'" *Douglas, supra,* at 357, 83 S.Ct., at 816.

\* \* \* \* \* \*

> "In *Douglas v. California, supra,* the Court held that the State must provide counsel for an indigent on his first appeal as of right. But in *Ross v. Moffitt, supra,* [417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974)] we declined to extend that

holding to a discretionary second appeal from an intermediate appellate court to the Supreme Court of North Carolina. We think the distinction between these two holdings of the Court is of considerable assistance in resolving respondent's equal protection claim. Respondent in this case had an opportunity for direct appeal, and had he chosen to pursue it, he would have been furnished a free transcript of the trial proceedings. But having foregone that right, and instead some years later seeking to obtain a free transcript in order to make the best case he can in a proceeding under § 2255, respondent stands in a different position."

\* \* \* \* \* \*

"We think that the formula devised by Congress satisfies the equal protection components of the Fifth Amendment. Respondent chose to forego his opportunity for direct appeal with its attendant unconditional free transcript. This choice affects his later equal protection claim as well as his due process claim. Equal protection does not require the Government to furnish to the indigent a delayed duplicate of a right of appeal with attendant free transcript which it offered in the first instance, even though a criminal defendant of means might well decide to purchase such a transcript in pursuit of relief under § 2255. The basic question is one of adequacy of respondent's access to procedures for review of his conviction. *Ross v. Moffitt, supra,* and it must be decided in the light of avenues which respondent chose not to follow as well as those he now seeks to widen. We think it enough at the collateral relief stage that Congress has provided that the transcript be paid for by public funds if one demonstrates to a district judge that his § 2255 claim is not frivolous, and that the transcript is needed to decide the issue presented." (footnote omitted).

In the instant case no factual matters were alleged in the Petition showing arguable grounds upon which relief could be granted or that a transcript was needed to decide the issues presented. Due process and equal protection most assuredly do not require the providing of transcripts to make petitioner aware in the first instance of events or occurrences which constitute grounds for collateral attack. *See United States v. MacCollom, supra; Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Since the trial court properly ruled that dismissal was appropriate under Rule 32.6, *supra,* its corresponding ruling that transcripts were unnecessary was also correct.

Review granted; relief denied.

DONOFRIO and OGG, JJ., concur.