STATE OF LOUISIANA

VERSUS

JOHN WESLEY PATTON

NO. 25-KH-152

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-7474, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

August 13, 2025

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Scott U. Schlegel

**<u>WRIT DENIED</u>**

 **SJW**
 **JGG**
 **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS



Morgan Waquin
Deputy, Clerk of Court

DEFENDANT/RELATOR, JOHN WESLEY PATTON
   In Proper Person

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA
   Thomas J. Butler

**WINDHORST, J.**

In this timely *pro se* writ application, relator, John Wesley Patton, seeks review of the trial court's February 4, 2025 order denying his motion requesting 37 transcripts and motion to proceed *in forma pauperis* on the requested transcripts. Relator contends he needed to receive the 37 transcripts and proceed in *forma pauperis* to supplement his pending application for post-conviction relief ("APCR").

**DENIED AS MOOT**

As an initial matter, we find relator's request in this writ application is moot. This writ application requests that we reverse the trial court's refusal to order 37 transcripts free of charge. It was timely postmarked (March 31, 2025), but not received by this court and filed until April 9, 2025. By then, the trial court had already denied relator's October 4, 2024 APCR, making his purported need for the 37 transcripts a moot issue. Without a *properly* filed and pending application for post-conviction relief setting forth specific claims of errors which require the requested documentation for support, an indigent inmate cannot make a showing of particularized need absent a *properly* filed application for post-conviction relief. See Bernard, *infra*. Thus, to the extent that relator requests free copies of transcripts needed to support the claims raised in his October 4, 2024 APCR, which is no longer pending, we deny relator's writ application as moot.

**MERITS**

Nevertheless, we will review this writ application and the APCR on its merits. We find that on the face of the ACPR, relator is not entitled to the relief requested. La. C.Cr.P. art. 926 B states the requirements of a properly filed APCR, including:

B.  The petition *shall* allege:
*   *   *
(3) A statement of the grounds upon which relief is sought, ***specifying with reasonable particularity the factual basis*** for such relief; [Emphasis added]
*   *   *

Accordingly, an APCR which does not specifically allege a ***factual basis*** with reasonable particularity has not satisfied this indispensable requirement of La. C.Cr.P. art. 926 B(3).

An incarcerated indigent must demonstrate a *particularized need* before receiving a copy of court transcripts free of charge.[1] State ex rel. Simmons v. State, 93-275 (La. 12/16/94), 647 So.2d 1094, 1095 (*per curiam*). In State ex rel. Bernard v. Criminal Dist. Court Section J., 94-2247 (La. 04/28/95), 653 So.2d 1174, the Louisiana Supreme Court held that an indigent inmate cannot make a showing of particularized need absent a *properly* filed application for post-conviction relief which sets forth the specific claims of constitutional errors which required the requested documentation for support.

The mere filing of an APCR, however, does not *per se* satisfy the required "particularized need" for any of the 37 transcripts requested.[2] Instead of specifically alleging factual bases with reasonable particularity, from which a court may find that there are "particularized needs" for the transcripts, relator contends that the 37 transcripts are needed to prepare the following conclusory post-conviction claims: (1) ineffective assistance of counsel; (2) fabricated evidence; (3) violation of his right to a public trial; (4) trial court misconduct and bias; (5) suppression of favorable evidence; (6) denial of his right to a complete defense; (7) denial of his right to present evidence during multiple hearings and trial; (8) perjured testimony; (9) Fourth Amendment violations; (10) insufficient evidence; and (11) jury misconduct. Clearly these do not specify any factual bases with reasonable particularity in support of his claims; these are the ***conclusions*** relator/applicant is seeking to

---

[1] Pursuant to State ex rel. Simmons, indigent inmates are generally entitled to the following documents free of charge *without showing a particularized need*: (1) transcripts of their guilty plea colloquies; (2) copies of the bill of information or grand jury indictment charging them with a crime; (3) copies of the district court minutes for sentencing; (4) copies of transcripts of evidentiary hearings held on their applications for post-conviction relief; and (5) copies of the documents committing them into custody.

[2] Eight of the requested transcripts are the eight days of the jury trial, which have been thoroughly reviewed on appeal. Any of applicant's APCR claims which were assigned as error in the appeal were reviewed therein, with benefit of the transcripts, and are not subject to another review as an APCR.

convince the trial court to reach. Unsupported by reasonably particular allegations of fact, they do not show any particularized need for the transcripts.

The requirement of specific allegations of factual bases stated with reasonable particularity is not only a statutory requirement; it is clear in our constitutional jurisprudence. Access [to transcripts free of charge] does not require the state to underwrite the inmate's efforts to overturn his conviction and sentence by providing him generally with documents "to comb the record for errors." Bernard, 653 So.2d at 1175; State ex rel. Payton v. Thiel, 315 So.2d 40 (La. 1975). An inmate cannot make a showing of a particularized need absent a properly filed application for post conviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support. Id. Due process and equal protection surely do not require the providing of transcripts to make petitioner aware in the first instance of **events or occurrences** which constitute grounds for [post conviction relief]. Bernard, *supra*, citing State v. Drozd, 116 Ariz. 330, 569 P.2d 272, 274 (Ct. App. 1977). [Emphasis added.]

"Particularized needs" requires that the applicant allege the "events or occurrences," or some actions taken or omitted, which support or establish the existence of the ground(s) in La. C.Cr.P. art. 930.3, and would be relevant to the court in determining the appropriate disposition of the application under La. C.Cr.P. arts. 928 or 929, or to show genuine questions of relevant facts sufficient to conduct an evidentiary hearing pursuant to La. C.Cr.P. art. 930.

In this case, the APCR applicant alleges, for example, that he had ineffective assistance of counsel, but the record shows that he had waived counsel and proceeded *pro se* after an extensive and somewhat contentious pre-trial Faretta hearing, nor does he explain in what manner standby counsel (presumably) appointed by the court to assist him pre-trial and during trial, was ineffective. He alleges fabricated evidence, but failed to state what or how. He alleges trial court

misconduct and bias, but does not explain how or in what way. His remaining claims, equally or more general conclusory allegations, likewise fail to explain with any reasonable particularity. Particular needs cannot be realized in the nearly total absence of specific allegations of factual bases—such as events, occurrences, acts, or omissions—with reasonable particularity. As stated in <u>Bernard</u>, free transcripts are not provided for the applicant to comb through, searching for unalleged errors, events, or occurrences.

To his credit, Mr. Patton is quite frank in characterizing his October 4, 2024 APCR as a "shell application,"[3] which he apparently filed as such in order to satisfy the necessity of having filed his APCR before requesting the free transcripts, thereby correcting the fault pointed out in writ disposition 24-KH-258. But this "shell application" containing eleven conclusory allegations does not establish facts or raise questions of fact in support of any of the exclusive grounds enumerated in La. C.Cr.P. art. 930.3. Merely providing a list of dates on which the requested free transcripts occurred, without even so much as the purpose or subject matter of the hearing and the gist of the testimony or discussion contained therein, does nothing to establish particularized needs, support the claims made in the APCR, or enable the court to determine the appropriate disposition under La. C.Cr.P. arts. 928, 929, or 930.

**CONCLUSION**

We first find that relator's request in this writ application is moot. Although relator's writ application was timely postmarked (March 31, 2025), it was received by this court and filed on April 9, 2025. By then, the trial court had already denied relator's October 4, 2024 APCR. Thus, because relator's requests for free copies of

---

[3] Writ application, p. 22 ("Procedural History" section)

37 transcripts are purportedly needed to support the claims raised in the October 4, 2024 APCR, which is no longer pending, we deny relator's writ application as moot.

Moreover, relator does not describe his post-conviction claims with any *factual* specificity. Even if relator's writ application had been filed prior to the trial court's denial of his APCR, on the showing made, we find relator is not entitled to the requested documents. Additionally, we point out that in a prior writ application filed with this court, 24-KH-258, relator sought review of the district court's ruling denying his request for the same 37 transcripts. This court denied relator's writ application, finding that "relator's allegations standing alone, in the absence of a properly filed APCR, do not meet his burden of demonstrating a particularized need for the requested documents." See State v. Patton, 24-KH-258 (La. App. 5 Cir. 07/02/24). Here, even though relator had filed an APCR, we find relator did not demonstrate a particularized need for the requested documents.

For all of the foregoing reasons, we deny this writ.

**WRIT DENIED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 13, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

# 25-KH-152

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
THOMAS J. BUTLER (RESPONDENT)

**MAILED**
JOHN WESLEY PATTON #79121800
(RELATOR)
RAYBURN CORRECTIONAL CENTER
27268 HIGHWAY 21
ANGIE, LA 70426