798 P.2d 1371

**STATE of Arizona, Appellee,**

v.

**Tamara Tanya NEVELL, Appellant.**

**No. 1 CA–CR 89–872.**

Court of Appeals of Arizona,
Division 1, Department C.

May 17, 1990.

Review Denied Nov. 6, 1990.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Criminal Div., and Paul J. McMurdie, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by John W. Rood, III, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GERBER, Judge.

Appellant Tamara Tanya Nevell (defendant) appeals from her convictions for two counts of forgery, class 4 felonies in violation of A.R.S. §§ 13–2002 and –2001 and from the sentences imposed.

Counsel for defendant has filed a brief complying with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969), requesting this court to search the record for fundamental error pursuant to A.R.S. § 13–4035. Defendant was then granted additional time to file a supplemental brief raising any additional points. No supplemental brief has been filed. Upon this court's request, the state filed a brief addressing the issue of whether reversible error occurred when the trial court imposed the stipulated sentence after expressing preference for a different, less severe sentence.

By indictment filed June 7, 1984, defendant was charged with four counts of burglary, class 5 felonies in violation of A.R.S. §§ 13–1506 and –1501; four counts of forgery, class 4 felonies in violation of A.R.S. §§ 13–2002 and –2001; three counts of theft, class 4 felonies in violation of A.R.S. §§ 13–1802 and –1801, and one count of theft, a class 6 felony in violation of A.R.S. §§ 13–1802 and –1801.

On February 21, 1989, defendant entered into a written plea agreement and pled guilty to two counts of forgery, class 4 felonies in violation of A.R.S. §§ 13–2002 and –2001. Additionally, defendant stipulated that she would serve consecutive terms of imprisonment for each conviction. She also agreed to pay restitution. In return for these concessions, the state agreed to dismiss charges in Peoria DR84–1333 and Maricopa County Nos. CR87–09355 and CR89–00568 and not to file charges for non-felonious property crimes committed in Maricopa County before January 17, 1989. The state also agreed to dismiss all allegations of prior felony convictions.

The plea agreement clearly set forth the minimum, presumptive, and maximum sentences which could be imposed—2, 4, and 5 years of imprisonment respectively—and indicated that a maximum fine of $150,000 plus a 37% surcharge could be imposed for each conviction.

Before accepting defendant's guilty pleas, the trial court addressed defendant personally and determined that the plea was knowing, voluntary, intelligent, and had a factual basis.[1] The trial court then accepted the pleas. Judgment and sentencing were postponed to permit preparation of a pre-sentence report.

On June 21, 1989, the court conducted a sentencing hearing. The sentencing judge stated on the record that although the plea agreement stipulated consecutive sentences, he felt that concurrent · sentences were more appropriate. He added, however, that he felt "bound" by the terms of the plea agreement. The relevant record reads as follows:

---

1. We note that the trial court did not expressly advise defendant that she had a right to plead not guilty. However, because defendant initially entered a plea of not guilty and subsequently changed her plea, this demonstrates that she acknowledged her right to plead not guilty. *See State v. Lopez,* 27 Ariz.App. 626, 557 P.2d 558 (1976).

THE COURT: But they have recommended consecutive sentences in this case, but I lean toward concurrent sentences....

Well, I think I'm bound by the plea agreement anyway. I don't think I can give her concurrent sentences.

THE STATE: That's correct, your honor.

THE COURT: So I've got to give her consecutive sentences.

Despite what he considered the appropriate sentence, he then sentenced defendant to consecutive four year terms of imprisonment.

Defendant's *Anders* brief makes no argument about this issue. The state's brief begins by quoting paragraph seven of the plea agreement which expressly states that "any sentence either stipulated to or recommended herein in paragraph two is not binding on the court." Shortly thereafter the state's same brief states that "the trial court lacked the authority to sentence appellant to anything less than the stipulated sentence."

■ Under Rule 17.4(d), the trial court is not bound by any sentencing provision in a plea agreement if after accepting the agreement and reviewing a pre-sentence report, it finds the provision inappropriate. That finding occurred here. A judge's hands are not to be tied by a plea agreement; to do so would merge the judicial sentencing role into that of the prosecutor and/or defense attorney. The judge's responsibility extends beyond rubber-stamping plea and sentence agreements. *See Smith v. Superior Court*, 130 Ariz. 210, 635 P.2d 498 (1981). Once a sentencing judge indicates an intent to deviate from a stipulated sentence in a plea agreement, both the state and the defendant have a right to withdraw from the agreement. If neither side withdraws from the agreement, the judge may proceed to impose the more appropriate sentence.

We therefore vacate defendant's sentence and remand to the trial court for a new sentencing proceeding consistent with this decision or for other proceedings consistent with Rule 17.4.

FIDEL, P.J., and EUBANK, J., concur.