NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

LUAWNA LEE BLAZER, *Petitioner*.

No. 1 CA-CR 22-0350 PRPC
FILED 3-16-2023

Petition for Review from the Superior Court in Mohave County
No. S8015CR202000635
The Honorable Douglas Camacho, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Jacob Cote
*Counsel for Respondent*

Luawna Lee Blazer, Goodyear
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge D. Steven Williams joined.

---

**P A T O N**, Judge:

¶1 Petitioner Luawna Lee Blazer petitions this court for review from the dismissal of her petition for post-conviction relief. For the following reasons, we grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2 Blazer pled guilty to trafficking in stolen property in the first degree and was released on her own recognizance pending sentencing. The plea agreement provided that if Blazer appeared at sentencing, the court would have discretion to sentence her to supervised probation or up to 12.5 years in prison. If Blazer failed to appear at sentencing, however, the plea stipulated to a mandatory prison sentence not to exceed 12.5 years.

¶3 The superior court initially set sentencing for April 2021, but continued sentencing three times on Blazer's motion because Blazer was injured in a car accident and stated that she would remain hospitalized out of state until June 2021. On Blazer's request, the superior court set sentencing for July 1, 2021. But Blazer failed to appear for sentencing that day, and the court issued a warrant for her arrest. Blazer was arrested on the warrant nearly three months later. At sentencing, the superior court sentenced Blazer to an aggravated term of 12.5 years in prison after finding that multiple aggravating factors—value of the property taken, presence of an accomplice, pecuniary gain, and the defendant's criminal history—outweighed any mitigators. The court noted that even if Blazer had appeared at her first sentencing hearing, the court would not have placed Blazer on probation due to her extensive criminal history.

¶4 Blazer filed a timely notice of post-conviction relief. Her attorney did not find any colorable claims; therefore, Blazer filed a pro per petition. Finding no colorable claims, the superior court summarily dismissed the petition. Blazer then filed this petition for review.

## DISCUSSION

¶5 We review a superior court's summary dismissal of a petition for post-conviction relief for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

¶6 Blazer argues that she received ineffective assistance of counsel. *See* Ariz. R. Crim. P. 33.1(a). To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006).

¶7 Blazer contends that her attorney failed to object to the court's use of priors that were over ten years old to aggravate her sentence. An aggravated prison term may be imposed after the trier of fact finds at least two statutory aggravating factors. A.R.S. § 13-702(C). Here, the superior court listed three statutory aggravating factors before considering Blazer's criminal history, which included eleven priors and an out-of-state warrant, as a fourth aggravating factor. Because the court found at least two statutory aggravators not including Blazer's criminal history, Blazer's sentence was properly aggravated and she fails to show prejudice.

¶8 Blazer also claims that her attorney was ineffective for failing to present mitigation at sentencing. The record belies this claim. At sentencing, Blazer's attorney asked for probation, or in the alternative, a minimum sentence due to Blazer's family support and her history of abuse. Her attorney also attempted to explain Blazer's court absences. The court noted Blazer's family support as a mitigating factor but found that the numerous aggravators outweighed the mitigation and justified an aggravated sentence. Blazer fails to show that counsel's performance was unreasonable or that she was prejudiced.

¶9 Next, Blazer argues that she should have been permitted to withdraw from the plea agreement after the superior court refused to consider placing her on probation. When a court rejects or deviates from a provision in a plea agreement, the defendant is permitted to withdraw from the plea. Ariz. R. Crim. P. 17.4(e) (court rejecting plea); *State v. Nevell*, 165 Ariz. 362, 364 (App. 1990) (court deviating from a provision in a plea). Here, the court did not reject the agreement or deviate from a provision in the plea because the agreement authorized the court to impose up to 12.5 years

in prison at the court's discretion; it also provided that if Blazer failed to appear at sentencing, the sentence would be prison only. The court followed the terms of the plea when it sentenced her to prison. Blazer argues that the court should have placed her on probation because her absence at sentencing was due to a medical reason. Blazer, however, points to no evidence or authority to support her argument. The court was not bound by the plea to place Blazer on probation. There was no error.

¶10 Finally, Blazer claims that she is factually innocent. *See* Ariz. R. Crim. P. 33.1(h). But she provides no evidence or argument to support this claim. *See State v. Stefanovich*, 232 Ariz. 154, 158, ¶ 16 (App. 2013) (claim is waived after defendant fails to cite to relevant authority or develop argument in a meaningful way). She also raises this claim for the first time in the petition for review; it is therefore waived. *See* Ariz. R. Crim. P. 33.16(c)(2)(B) (petition for review must contain issues decided by the trial court that defendant is presenting for review); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (this court does not address issues raised for the first time in a petition for review).

**CONCLUSION**

¶11 We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

4